# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH V. DONALDSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-1213-EFM-GEB |
| UNITED STATES DEPARTMENT OF TREASURY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff brings this case against the U.S. Department of Treasury, Internal Revenue Service ("IRS"), and IRS Revenue Officer Mark Boston to protest liens against Plaintiff's property for non-payment of income taxes and to seek damages for the alleged tortious actions of the defendants. The matter is now before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 4) and Plaintiff's Motion for Mandatory Judicial Notice (ECF No. 5) and related request to file his motion under seal (ECF No. 5). For the reasons outlined below, Plaintiff's Motion to Proceed without Payment of Fees (**ECF No. 4**) is **GRANTED**; Plaintiff's Motion for Mandatory Judicial Notice (**ECF No. 5**) is **GRANTED in part** and **DENIED in part**; and Plaintiff's Request to file his Motion for Judicial Notice under seal (**ECF No. 5**) is **GRANTED in part** and **DENIED in part**.

I.      **Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 4)**

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] After careful review of Plaintiff's attached affidavit of financial resources (ECF No. 4, sealed), and the comparison of his monthly income to his monthly expenses, the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 4)** is **GRANTED.** Because Plaintiff proceeds *in forma pauperis*, the clerk of the court shall take the appropriate steps to serve Defendants with the summons and Complaint as provided under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

II.     **Plaintiff's Motion for Mandatory Judicial Notice and Request to File Under Seal (ECF No. 5)**

Plaintiff asks the Court to take "mandatory judicial notice" of matters set forth in his motion, as well as 34 pages of attachments. A majority of his motion contains—verbatim—certain sections of federal statutes, including the Tax Code; excerpts from the Internal Revenue Manual; and excerpts from case law. Only his first paragraph asks the Court to take judicial notice of his "private and confidential proprietary record, submitted

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

*in camera* to the Court" (*see* Motion, ECF No. 5-1, ¶ 1). Plaintiff refers to these documents as his "PRIVATE RECORD" and describes the record as containing a contract between Plaintiff and the Internal Revenue Service.

Federal Rule of Evidence 201 permits the court to take judicial notice of adjudicative facts.[3] Under Rule 201(b), "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[4] Adjudicative facts are "the facts that normally go to the jury in a jury case" and relate to "the parties, their activities, their properties, their businesses."[5] Judicial notice essentially acts "as a substitute for the conventional method of taking evidence to establish facts."[6]

Although it is within the court's discretion to take notice of particular facts,[7] "[b]ecause the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)."[8] "Judicial notice permits a judge to accept 'a matter as proved without requiring the party

---

[3] Fed. R. Evid. 201(a).
[4] Fed. R. Evid. 201(b).
[5] *Bain v. Cont'l Title Holding Co., Inc.*, No. 16-2326-JWL, 2017 WL 264545, at *2 (D. Kan. Jan. 20, 2017) (citing *United States v. Iverson*, 818 F.3d 1015, 1030 (10th Cir. 2016) (quoting *United States v. Gould*, 536 F.2d 216, 219-20 (8th Cir. 1976)).
[6] *Id.* at *2.
[7] *Schneider v. Citimortgage*, No. 13-4094-SAC-KGS (Order, ECF No. 99) (D. Kan. Sept. 10, 2014) (citing *Klein v. Zavaras*, 80 F.3d 432, 435 n. 5 (10th Cir.1996)).
[8] *Blume v. Meneley*, No. 00-2559-CM, 2003 WL 21143108, at *1 (D. Kan. Mar. 31, 2003) (citing *Int'l Star Class Yacht Racing Assoc. v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66 (2nd Cir. 1998)).

to offer evidence of it.'  Because taking judicial notice removes a party's evidentiary burden, the doctrine demands that a court only notice 'matters that are verifiable with certainty.'"[9]

Plaintiff is correct that courts should take judicial notice of statutes.[10] Additionally, excerpts from case law, federal regulations, and dictionary definitions are capable of accurate and ready determination from a reliable source.  Therefore, to the extent Plaintiff submits excerpts of statutory law, federal regulations, case law, and dictionary definitions in his motion, the Court **GRANTS** his request to take judicial notice of the law and definition information recited in the first 10 pages of his motion, <u>excluding paragraph 1</u>.

In ¶ 1 of his motion, Plaintiff also seeks the judicial notice of multiple other documents attached to his motion (ECF No. 5-2, Ex. 1).  These documents (although described as a "contract" by Plaintiff) have no apparent logical order and contain such items as a partially-completed UCC Financing Statement, a "common law copyright notice," various tax forms, and a document which purports to be a contract between Plaintiff and the federal and state government and related agencies regarding their contact with Plaintiff (ECF No. 5-2, Ex. 1).  Many, if not all, of the documents appear to have been both created and signed solely by Plaintiff, with the exception of those persons witnessing or verifying his signature.  But this Court, and others, have found that an

---

[9] *Hammons v. Unified Gov't Wyandotte Co*, No. 12-2028-JPO (Order, ECF No. 209) (D. Kan. July 25, 2016) (citing *United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (internal citations omitted)).

[10] *Bledsoe v. U.S.*, No. 01-3168-RDR-CAW (Order, ECF No. 49)  (D. Kan. Jan. 29, 2002) (citing *U.S. v. Coffman*, 638 F.2d 192, 194 (10th Cir. 1980))

affidavit or other document prepared by a moving party with an "interest in the litigation is not a source of indisputable accuracy under Rule 201(b)(2)."[11]  Documents may not be judicially noticed for the truth of the matters stated in them,[12] and federal courts largely reject the use of human sources under Rule 201.[13]  Therefore, Plaintiff's request for the Court to take judicial notice of any document attached to his motion is **DENIED**, because he has not established that the information contained in ¶ 1 of his Motion and the attachments (ECF No. 5-2, Ex. 1) is "not subject to reasonable dispute" under Fed. R. Evid. 201.  However, the Court construes the information contained within the document to supplement his claims, and the Clerk is hereby directed to treat the document (ECF No. 5) as a "Supplement" to Plaintiff's Complaint.

At filing, Plaintiff asked the Court to review his motion and its attachments (ECF No. 5) in camera, and describes the documents as a "private and confidential proprietary record" (ECF No. 5-1, at ¶1).  Pending the Court's review of the documents, the clerk's office filed both his motion and attachments under seal.  But "federal courts have long recognized a common-law right of access to judicial records."[14]  Such a right originates in the "public's fundamental interest in understanding disputes that are presented to a

---

[11] *Bain v. Cont'l Title Holding Co., Inc.*, No. 16-2326-JWL, 2017 WL 264545, at *2 (D. Kan. Jan. 20, 2017) (collecting cases).
[12] *Id*. (citing 1 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 201.12[3] (Mark S. Brodin, ed., Matthew Bender 2d ed. 2016)).
[13] *Id*. (citing 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure* § 5106.2 at 220 (2d. ed. 2005)).
[14] *United States v. Smith*, No. 12-20066-31-KHV, 2016 WL 1312518, at *1 (D. Kan. Apr. 4, 2016) (citing *United States v. Apperson*, No. 14-3069, 2016 WL 898885, at *6 (10th Cir. Mar. 9, 2016) (citing *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

public forum for resolution."[15] To determine whether documents filed with the court should be sealed from public viewing, "the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties."[16] The party seeking to seal a portion of the record "must show that interests which favor non-disclosure outweigh the public interest in access to court proceedings and documents."[17] The movant "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process,"[18] not simply submit conclusory statements.

Other than his single statement professing the confidential and allegedly proprietary nature of the documents, Plaintiff provides no other basis or argument supporting his request to seal his motion and attachments. Plaintiff "does not specifically explain how his interest in non-disclosure of the information outweighs the public interest in open courts."[19] Therefore, Plaintiff's request to seal his motion is **DENIED in part**, in that the motion (ECF No. 5-1) must be unsealed and available to the public. However, on close review of the documents, there are multiple disclosures of personal identifiers[20] contained in the attachment to Plaintiff's motion (ECF No. 5-2, Ex. 1). Plaintiff's request

---

[15] *Id.* (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).
[16] *Id.* (citing *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Crystal Grower's*, 616 F.2d at 461).
[17] *Id.* (citing *Apperson*, 2016 WL 898885, at *6; *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)).
[18] *Id.* (citing Colony Ins., 698 F.3d at 1241; *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).
[19] *Id.* (citing *Apperson*, 2016 WL 898885, at *7; *Colony Ins.*, 698 F.3d at 1242).
[20] Pages 5, 14, and 18 of Plaintiff's attachment appears to contain Social Security numbers and/or tax identification numbers, while page 15 is the apparent copy of a birth certificate. Such information is prohibited in a public filing under Fed. R. Civ. P. 5.2

to seal is therefore **GRANTED in part**, in that the <u>attachment</u> to the motion (ECF No. 5-2) must remain sealed and accessible only to Court users or attorneys admitted to this case.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 18th day of September, 2017.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
