# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| JOSEPH V. DONALDSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 17-1213-EFM-GEB |
| UNITED STATES DEPARTMENT OF TREASURY, et al., | ) |  |
| Defendants. | ) |  |

## ORDER

Plaintiff brings this case against the U.S. Department of Treasury, Internal Revenue Service ("IRS"), and IRS Revenue Officer Mark Boston to protest liens against his property. The matter is now before the Court on Plaintiff's Motion to Compel Production (ECF No. 17). For the reasons outlined below, Plaintiff's Motion (**ECF No. 17**) is **DENIED** as premature.

Plaintiff asks the Court to compel the defendants to produce nine categories of documents (ECF No. 17, at ¶¶ 1-9). He reports he served Defendants with a request for production on September 1, 2017. However, Defendants have not yet entered an appearance in this case, and based upon the Returns of Service filed on the docket,

Defendants are not required to respond to the Complaint before December 4, 2017 (*see* ECF Nos. 15, 16, and 18).[1] Plaintiff's requests to Defendants are premature.

Pursuant to Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in specific types of proceedings which do not apply here. In this action, the parties are not yet required to engage in their Rule 26(f) conference—the Court will issue an Initial Scheduling Order, which establishes a Rule 26(f) conference deadline, after all Defendants have answered Plaintiff's Complaint.

Even if Plaintiff intends to seek early discovery, Rule 26(d)(2) requires that any early Rule 34 requests for production of documents must not be served on Defendants until "more than 21 days" have passed since service of the summons and complaint. Noting the service date of October 5, 2017, Plaintiff is not permitted to serve requests on Defendants before October 27, 2017. And even after that date, Plaintiff must follow the procedures set forth in Fed. R. Civ. P. 34 and 37, as well as D. Kan. Rules 37.1 and 37.2. Generally, Plaintiff must serve Defendants with his requests, permit Defendants 30 days to respond to his requests, and confer with them regarding any disputes—all *before* seeking Court intervention.

Plaintiff has been informed, and reminded, in previous orders that—despite his pro se status—he is expected to follow the Court's rules and refrain from excessive filings,

---

[1] The United States Attorney was served on October 5, 2017 (ECF No. 16). Under Fed. R. Civ. P. 12, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint within 60 days after service on the U.S. attorney. *See* Rule 12(a)(2). If the officer or employee is sued in his individual capacity, the officer must answer within 60 days after service on the officer or on the U.S. Attorney, whichever occurs later. *See* Rule 12(a)(3).

which inappropriately tax the resources of the Court.  Plaintiff is, again, encouraged to review the District of Kansas Local Rules and Federal Rules, and to thoroughly review the information for self-represented litigants on the Court's webpage at http://www.ksd.uscourts.gov/self-representation/.

In light of the above, Plaintiff's Motion to Compel Production (**ECF No. 17**) is **DENIED** as premature.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of October, 2017.

s/  Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge