# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOSEPH V. DONALDSON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED STATES DEPARTMENT OF** )<br>**TREASURY, et al.,** )<br>)<br>**Defendants.** )<br>) | Case No. 17-1213-EFM-GEB |

## MEMORANDUM AND ORDER

Plaintiff brings this case against the U.S. Department of Treasury, Internal Revenue Service ("IRS"), and IRS Revenue Officer Mark Boston to protest liens against Plaintiff's property for non-payment of income taxes and to seek damages for the alleged tortious actions of the defendants. The matter is now before the Court on Plaintiff's Motion for Mandatory Judicial Notice (ECF No. 28). For the reasons outlined below, Plaintiff's Motion for Mandatory Judicial Notice (**ECF No. 28**) is **DENIED**.

## Background

This is not Plaintiff's first request for judicial notice. Early in this case, Plaintiff asked the Court to take judicial notice of certain sections of federal statutes, including the Tax Code, excerpts from the Internal Revenue Manual, and excerpts from case law. (Motion, ECF No. 5, *sealed*; Order, ECF No. 6.) In addition to the statutory excerpts, Plaintiff submitted a 34-page "private and confidential proprietary record" for which he

also asked the Court to take judicial notice (ECF No. 5-1 ¶ 1).  To the extent Plaintiff submitted excerpts of law and dictionary definitions, the Court granted his request. However, the Court denied his request to take judicial notice of the 34-page supplement attached to his motions, and ordered that the documents were more appropriately considered as a supplement to Plaintiff's Complaint (ECF No. 6, at 5).

**Current Arguments**

In Plaintiff's present motion (ECF No. 28), he asks the Court to take "mandatory judicial notice" of matters set forth in 35 numbered paragraphs.  The content of these paragraphs varies widely. For example, some contain statutory excerpts (*see, e.g.*, ECF No. 28 at ¶ 1, citing 26 U.S.C.§ 7432 and ¶ 4, citing 28 U.S.C. § 3002 (15)(A)), while others contain purported excerpts from various forms of legislative history, some as old as 1933 (*see id*. at ¶¶ 5-9).  He cites statutes from various jurisdictions (*e.g*., *id*. at ¶ 31, citing the Oregon Revised Statutes Annotated) and excerpts from the Uniform Commercial Code (*Id*. at ¶¶ 32-34).  Plaintiff also cites several cases from various jurisdictions, some without more than a simple citation (*id*. at ¶ 2); some with apparently incorrect citations (*id.* at ¶ 3). The citations include a case from the year 1899 (*id*. at ¶ 25) with no indication of its current applicability, and others without any indication of their relevance.  In his motion including all of the law cited therein, Plaintiff provides neither authority, nor any bases for his request that the Court judicially notice the information contained in the 35 paragraphs.  Rather, he simply requests the Court take judicial notice under Fed. R. Evid. 201(d) "in general." (*Id*. at 1.)

- 2 -

In Plaintiff's Reply memorandum (ECF No. 35), he contends his motion "provides ample information including, who did what; when it was done; where it was done; how it was done; and more importantly, the why it was done" and that the case law "was provided to the Court so that it can make decisions on its own." (ECF No. 35 at 1.) His Reply also includes 28 additional paragraphs of information for which he asks the Court to take judicial notice. As in his motion, these paragraphs contain excerpts of federal rules, caselaw, excerpts from dictionary definitions, and passages from various publications (ECF No. 35).

Defendants oppose judicial notice, arguing Plaintiff's interpretations do not amount to undisputed facts, so judicial notice is inappropriate. Defendants contend Plaintiff's interpretations are "frivolous tax protester arguments that courts have uniformly rejected." (ECF No. 31, at 1.)

**Legal Standard**

Federal Rule of Evidence 201 permits the court to take judicial notice of adjudicative facts.[1] Under Rule 201(b), "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[2] Adjudicative facts are "the facts that normally go to the jury in a jury case" and relate to "the parties, their activities, their

---

[1] Fed. R. Evid. 201(a).
[2] Fed. R. Evid. 201(b).

properties, their businesses."[3] Judicial notice essentially acts "as a substitute for the conventional method of taking evidence to establish facts."[4]  "A high degree of indisputability is the essential prerequisite."[5]

Although it is within the court's discretion to take notice of particular facts,[6] "[b]ecause the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)."[7] "Judicial notice permits a judge to accept 'a matter as proved without requiring the party to offer evidence of it.'  Because taking judicial notice removes a party's evidentiary burden, the doctrine demands that a court only notice 'matters that are verifiable with certainty.'"[8] Taking judicial notice of legal conclusions is not the proper use of this "evidentiary mechanism."[9]

---

[3] *Bain v. Cont'l Title Holding Co., Inc.*, No. 16-2326-JWL, 2017 WL 264545, at *2 (D. Kan. Jan. 20, 2017) (citing *United States v. Iverson*, 818 F.3d 1015, 1030 (10th Cir. 2016) (quoting *United States v. Gould*, 536 F.2d 216, 219-20 (8th Cir. 1976)).

[4] *Id.* at *2.

[5] Fed. R. Evid. 201(a) advisory committee note.

[6] *Schneider v. Citimortgage*, No. 13-4094-SAC-KGS (Order, ECF No. 99) (D. Kan. Sept. 10, 2014) (citing *Klein v. Zavaras*, 80 F.3d 432, 435 n. 5 (10th Cir.1996)).

[7] *Blume v. Meneley*, No. 00-2559-CM, 2003 WL 21143108, at *1 (D. Kan. Mar. 31, 2003) (citing *Int'l Star Class Yacht Racing Assoc. v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66 (2nd Cir. 1998)).

[8] *Hammons v. Unified Gov't Wyandotte Co.*, No. 12-2028-JPO (Order, ECF No. 209) (D. Kan. July 25, 2016) (citing *United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (internal citations omitted)).

[9] *Auman v. Kansas*, No. 17-2069-DDC-JPO, 2018 WL 587232, at *8 (D. Kan. Jan. 29, 2018) (denying Plaintiff's motion for judicial notice, in part, for seeking the court's judicial notice of several legal conclusions).

**Analysis**

Courts should take judicial notice of statutes.[10] And, some excerpts from case law, federal regulations, and dictionary definitions—without accompanying arguments—are likewise capable of accurate and ready determination from a reliable source. However, here Plaintiff asks the Court to take judicial notice of his own *interpretation* of various statutes and excerpts from case law. His random, bullet-point-type recitation of the information included in both in his Motion and Reply makes the information difficult to comprehend, at best. Plaintiff's submissions are more akin to arguments, in support of his own legal theories, rather than indisputable facts. These interpretations of law and citations to law in support of his arguments are more appropriately included in a dispositive motion or other pleading, but are not an appropriate application of judicial notice. Plaintiff provides no authority or argument regarding why each of his paragraphs are indisputable, nor does he claim that the accuracy of his statements is "verifiable with certainty."[11] He repeatedly offers only a blanket citation of Fed. R. Evid. 201.

Therefore, in the Court's discretion, Plaintiff's request for judicial notice (**ECF No. 28**) is **DENIED**, because he has not established that the information contained in his Motion is "not subject to reasonable dispute" under Fed. R. Evid. 201. Furthermore, the request contained in his Reply (ECF No. 35) for additional judicial notice, to the extent it may be construed as an additional motion, is likewise **DENIED**.

---

[10] *Bledsoe v. U.S.*, No. 01-3168-RDR-CAW (Order, ECF No. 49) (D. Kan. Jan. 29, 2002) (citing *U.S. v. Coffman*, 638 F.2d 192, 194 (10th Cir. 1980))
[11] *Hammons*, No. 12-2028-JPO (Order, ECF No. 209) (D. Kan. July 25, 2016) (citing *United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (internal citations omitted)).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of March, 2018.

*/s/ Gwynne E. Birzer*
GWYNNE E. BIRZER
United States Magistrate Judge